UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. NELSON,<br><br>        Plaintiff,<br><br>   v.<br><br>T. ROSARIO,<br><br>        Defendant. | No. 2:23-cv-0957 AC P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 4, 6, 8. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has also filed a request that this case be processed and considered by the court. ECF No. 7.

      For the reasons stated below, plaintiff's first application to proceed in forma pauperis (ECF No. 2) will be denied as incomplete. His second application (ECF No. 6) will be granted, and his third application (ECF No. 8) will be denied as moot. Plaintiff's request that this case be processed and considered will also be denied as moot. Finally, plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies prior to filing this action.

////

1

### I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 4, 6. Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff's earlier filed application to proceed in forma pauperis (ECF No. 2) will be denied as incomplete, and his subsequently filed application (ECF No. 8) will be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### II. THE COMPLAINT

In the complaint, plaintiff, an inmate at Mule Creek State Prison, raises a single Eighth Amendment claim against defendant T. Rosario, a correctional officer at the facility. ECF No. 1 at 2-4. However, the face of the complaint clearly indicates that plaintiff's administrative appeals within the prison are still pending. See id. at 3. In other words, plaintiff has not exhausted his administrative remedies.

### III. EXHAUSTION REQUIREMENT

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. Id. "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

In sum, unless the exhaustion process is effectively unavailable to plaintiff within the meaning of Ross, failure to exhaust *before* filing the complaint requires dismissal. Such dismissal is without prejudice to commencing a new case following exhaustion.

IV. DISCUSSION

Although failure to exhaust is an affirmative defense which defendants typically must raise and prove (see Jones, 549 U.S. at 211-17; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)), the exhaustion question should be decided as early as possible (see Albino, 747 F.3d at

3

1170). Thus, when the complaint or its supporting documents specifically state that plaintiff has not exhausted his administrative remedies, the court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded. See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see generally Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citation omitted) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

In this case, plaintiff has clearly stated that the administrative appeal of his claim is pending. ECF No. 1 at 3. He has not indicated that circumstances render the exhaustion process effectively unavailable to him within the meaning of Ross, supra. Before recommending dismissal for nonexhaustion, the undersigned will give plaintiff the opportunity to show cause why the case should not be dismissed for failure to exhaust. In response to this order, plaintiff should provide specific reasons why he has not completed the appeals process and why the circumstances render the exhaustion process effectively unavailable.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED as incomplete;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is GRANTED;

3. Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is DENIED as moot;

4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

////

5. Plaintiff's request that this case be processed (ECF No. 7) is DENIED as moot in light of the above orders; and

6. Within thirty days from the date of this order, plaintiff shall SHOW CAUSE in writing why this matter should not be dismissed for failure to exhaust administrative remedies prior to filing this action.

DATED: September 18, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE